the United States, passed at February term. 1822. It is admitted. that the defendant, as marshal. did not. in fact. either travel to, or attend these rules at the clerk's office; and. therefore, his claim is for a constructive right, or a constructive travel and attendance, at the rules. But, we are of opinion. that this charge, whatever might be its validity, if the marshal had actually travelled and. attended at these rules is, under the circumstances, wholly inadmissible. To justify the charge, an actual travel and attendance are, in our judgment. indispensable.

The remaining items require no commentary. They are the mere personal expenses of the marshal, incurred by him for the purpose of establishing and settling his accounts against the government. They may, for aught we know, constitute a very sound claim upon the abstract justice and equity of the government, but they are not such as can be taken notice of, or enforced, by courts of justice.

Of course. upon these items, which are allowed by the court, the defendant has a fair title to interest. This, indeed, is not objected to on the part of the government.

Upon this intimation of the opinion of the court. a verdict was taken for the defendant. subject to the final audit of the account, upon a reference to the clerk of the court, as an auditor.

## Case No. 14,826.

UNITED STATES v. COHEN.

[Cited in U. S. v. Blodgett, Case No. 14.611. Nowhere reported; opinion not now accessible.]

## Case No. 14,827.

UNITED STATES v. COHN.

[7 Int. Rev. Rec. 69.]

Circuit Court. S. D. New York. Feb., 1868.

INTERNAL REVENUE—VIOLATION OF LAWS—FRAUD-ULENT CIGAR RETURNS.

Solomon Cohn was charged with having made false returns of cigars made by him in August, 1866, under the law as it then stood. His return was 50,000 a month. at $12 per thousand. The government proved by the entries in his books. which they had seized, that he had sold one man more than 150,000, and that none of his sales were for less than $20 per thousand. Parties who bought of him were also called, and testified to the same rate of sales. and produced his bills. It was further proved that Cohn had had a quarrel with his wife, and that he had said that he did not dare to leave his books at home for fear his wife would get them. The defense claimed that it was not necessary under the law to include in the return sales of cigars bought by Cohn, but only sales of such as he manufactured. They did not, however. prove that these were sales of cigars that he had bought. and THE COURT (BENEDICT. District Judge) held

that return of such sales must be made as the law then stood.

The jury found a verdict of guilty.

Phelps & Bell, for the Government.
Mr. Sedgwick, for defendant.

## Case No. 14,828.

UNITED STATES v. COHN.

[See Case No. 14,827.]

## Case No. 14,829.

UNITED STATES v. COIT.

[1 Car. Law. Repos. 346.]

District Court, D. New York. August, 1812.

SUMMONING OF JURY—DUTIES OF MARSHAL.

[A challenge to the array is properly sustained when it appears that the marshal summoned the jury without any designation by the court of the part of the district from which they were to be summoned. and not according to the mode of forming juries to serve in the highest court of law in the state.]

It has been the practice of the marshal of this district to select the jury, both as to the individuals who were to serve on it and the part of the district from which they were to come. at his own pleasure. In other words, it was completely in the power of the marshal to return at any time just such a jury as would answer the purposes of government, or of any of the officers of government having an interest in the cause to be tried. This power in the hands of a marshal disposed to use it for improper purposes is so manifestly dangerous to public liberty and private security that congress actually legislated on the subject. and directed that juries should be. returned from such part of the district as the. court should direct, so as should be most favorable to an impartial trial, and to avoid unnecessary expense. or unduly burthening the citizens of any part of the district with such services; and that they should be designated in each district respectively, according to the mode of forming juries to serve in the highest courts of law therein. so far as such mode should be practicable. Notwithstanding these plain and positive directions of the act of congress, the marshal has for years persevered in summoning such jurors as he at his pleasure thought fit. and from such parts of the district as suited his own views of propriety or convenience.

In the causes of the United States against Mr. Coit. for an alleged breach of some bonds executed by him as surety, during the first embargo, and which were noticed for trial at the above court. the counsel for the defendant, upon the district attorney's moving to bring on one of the causes, filed a challenge to the array. because the marshal had summoned the jury at his own mere arbitrary will and pleasure. without any designation by the court of the part of the district from which they were to be summoned, and because the